Dear Mr. Teague:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Office of Group Benefits, you have requested an Attorney General's Opinion concerning whether your office may reimburse its members for the value of certain non-sufficient funds (NSF) checks sent to them by the Office of Group Benefit's former flexible spending account administrator.
As background, your request indicates that pursuant to La. R.S. 42:874(B)(8), the Office of Group Benefits (OGB) established a flexible benefits section, and through the Office of State Purchasing, contracted with a vendor to do the flexible benefit administration. Essentially the flexible benefits plan operates as follows:
 "[t]he general procedure is that members decide how much money they anticipate spending on eligible medical expenses or childcare during the year and agree to a pretax payroll deduction of that amount. OGB retains those deductions in a dedicated account. Members then purchase eligible supplies or services during the year by use of a debit card or cash. If utilizing cash, the member then faxes the receipts for these purchases to the administrator. The administrator determines whether these purchases are eligible for purchase with the pretax dollars. If so, the administrator then sends a check to the member. OGB is invoiced for the items purchased by debit cards or cash and pays the administrator from the dedicated fund on a daily basis." Opinion Request
On September 21, 2006, the OGB's flexible benefits administrator stopped answering telephone calls and its website went down. OGB then began receiving several reports that the debit cards issued by the administrator were no longer usable. Eventually it was learned that all of the administrator's bank accounts were frozen by federal order and the administrator was forced into bankruptcy.
OGB then immediately asked the Office of State Purchasing to cancel the contract with the administrator and on September 25, 2006 awarded a new contract to a new vendor and resumed the smooth operation of the flexible benefits program. Nevertheless, due to the demise of OGB's now former flexible benefits administrator, participating members of the plan have experienced a financial loss.
In accordance with policy and procedure, OGB paid the former administrator for several invoices representing purchases made by participating members. The former administrator in turn sent checks to the participating members. However, before the members could present these checks for payment, the former administrator's bank account was frozen. At the present time, members are holding one hundred fifty-eight (158) non-sufficient funds (NSF) checks issued by the former administrator totaling $40,073.00. OGB would like to pay its members this $40,073.00, have them assign these NSF checks to OGB, and then allow OGB to wait in the bankruptcy creditor line to receive payment.
The question presented must be addressed in light of Louisiana Constitution Article VII, Section 14 (A), which provides in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has consistently opined that payments of gratuitous unearned payments to public employees or officials are prohibited, as the same are tantamount to donations. See Attorney General Opinions 92-295, 92-282, 89-190, 88-344, 96-639, 83-940A, 81- 1329 and 80-806. In reaching such conclusions, our office adhered to the standard articulated by the Louisiana Supreme Court in City of Port Allen,Louisiana v. Louisiana Mun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983). There the Louisiana Supreme Court held that Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so".
However, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found that standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)". The Court articulated a new standard which essentially holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Therefore, it follows that the determination of whether a payment of money is a gratuitous donation or earned compensation ultimately depends on the circumstances and essentially is a factual determination. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, based upon the information provided to our office and the test articulated in the City of Gonzales, we are of the opinion that your proposed disbursement is acceptable.
As you have indicated, under OGB's proposed plan, OGB would be repaying these members their own money and be taking their place awaiting distribution from a bankruptcy proceeding. It appears that the proposed plan does not involve a gratuitous alienation of public funds, since both parties expect to receive something of value in return for the performance of their obligations. In exchange for reimbursing the participating members the value of the NSF checks, OGB steps into the shoes of the participating members and acquires those members right of recovery against the former administrator. Under this scenario, both the participating members and OGB receive something of value. Accordingly, it is the opinion of this Office that your proposed plan is acceptable and does not violate the provisions of Louisiana Constitution ArticleVII, Section 14 (A).
We trust this adequately responds to your request. If you should any questions, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt *Page 1